UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:23-CV-826 |
| ZTAR MOBILE, INC. AND KEVIN T. HADDAD, | § § § § | |
| Defendants. | § | |

# PLAINTIFF BANK OF AMERICA, N.A.'S
# FIRST AMENDED ORIGINAL COMPLAINT

Plaintiff Bank of America, N.A. ("*BANA*" or "*Lender*") files this suit to recover its damages arising from the failure of Defendant Ztar Mobile, Inc. ("*Ztar Mobile*" or "*Borrower*") to repay money it borrowed from Lender and damages arising from the failure by Kevin T. Haddad ("*Haddad*" or "*Guarantor*") to perform under his contractual guaranty obligation to repay money borrowed from Lender by Borrower. In support of this Complaint, Lender states as follows:

### I.  THE PARTIES

1. BANA is a national banking association organized under and with its headquarters located in Charlotte, North Carolina. BANA is domiciled in North Carolina and is a citizen of North Carolina.

2. BANA is authorized to conduct business in Texas.

3. Ztar Mobile is a Texas corporation duly formed and operating under the laws of the State of Texas and may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Ztar Mobile is a mobile virtual network enabler that offers prepaid cell phone plans. Upon information and belief, Ztar Mobile's principal place of business is in Dallas, Dallas County, Texas. Ztar Mobile is domiciled in Texas and is a citizen of Texas.

5. Haddad is, upon information and belief, domiciled in Texas and a citizen of Texas. Haddad resides at 3205 Colgate Avenue, Dallas, Texas 75225 and may be served at said address or such other place as he may be found.

6. Haddad, at all times relevant to the allegations contained in this Complaint, has been the President and Chief Executive Officer of Ztar Mobile.

## II.   JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because this action is civil in nature, complete diversity exists, and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over Ztar Mobile because it is a corporation organized under the laws of Texas and has its principal place of business within this state.

9. This Court has personal jurisdiction over Haddad because he is an individual who resides within the jurisdictional reach of this Court.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391 because both defendants reside in Dallas County, Texas and a substantial part of the events took place in Dallas County, Texas. Venue is also proper in this District because Ztar Mobile and Haddad consent to venue and jurisdiction as well as waive any right to contest same in the contracts that form the basis of BANA's claims against them.

### III.     FACTUAL BACKGROUND

#### A.     The Loan Documents

11.     On or around March 29, 2019, BANA as Lender and Ztar Mobile as Borrower entered into certain credit facilities and documents. In particular, (a) Borrower and Lender are parties to a Loan Agreement dated March 29, 2019 (collectively with Amendment Nos. 1 – 3 as defined below, the "***Loan Agreement***"), made by Borrower in favor of Lender, for a revolving line of credit in the original principal amount of $6,000,000.00 (the "***Loan***"); (b) Borrower executed and delivered a Security Agreement dated March 29, 2019 (the "***Security Agreement***"); (c) Borrower executed and delivered a Security Agreement (Deposit Accounts – Specific) dated March 29, 2019 (the "***Security Agreement Deposit Account***") (d) Borrower and Lender entered into Amendment No. 1 Loan Agreement dated October 2, 2020 ("***Amendment No. 1***"); (e) Borrower and Lender entered into Amendment No. 2 Loan Agreement dated January 28, 2021 ("***Amendment No. 2***"); (f) Borrower and Lender entered into Amendment No. 3 Loan Agreement dated January 31, 2022 ("***Amendment No. 3***"). The Loan Agreement, Security Agreement, and Security Agreement Deposit Account are collectively, the "***Credit Facility***."

12.     Haddad signed the Loan Documents in his capacity as Chief Executive Officer of Borrower.

13.     On or about March 29, 2019, Haddad as Guarantor executed and delivered to BANA as Lender the Continuing and Unconditional Guaranty (the "***Guaranty***"), pursuant to which he provides his unconditional guaranty and promise to pay Lender all of Borrower's payment and performance obligations owed to Lender under the Credit Facility. The Guaranty is an absolute, unconditional guaranty of payment and not merely a guaranty of collection.  Further, pursuant to the Guaranty, Guarantor waives any defense to its obligations under the Guaranty.

14. The Credit Facility and the Guaranty, together with all other documents, contracts and agreements relating to the Credit Facility, are collectively the "**Loan Documents**" and each is a "**Loan Document**." Any terms capitalized and not defined herein have the definitions assigned and described in the Loan Documents.

15. Each of the Loan Documents contains specific language in compliance with Section 26.02 of the Texas Business and Commerce Code for the "Notice of Final Agreement."

16. Lender is the owner and holder, and in possession of, the original Loan Documents.

### B.     *Borrower's and Guarantor's Defaults*

17. Lender fully performed all of its obligations owed to Borrower and to Guarantor under the Loan Documents.

18. However, Borrower and Guarantor are in default under the Loan Documents for failure to pay amounts due and owing under the Loan Documents, among other defaults.

19. The Loan matured per the terms under the Loan Agreement on March 31, 2022, and all amounts became due and owing immediately. After maturity, the Loan was neither renewed nor extended.

20. Further, Lender offered forbearance terms subject to a written agreement to Borrower, and Borrower refused to sign. Accordingly, Lender had no obligation to forebear.

21. Paragraph 8 of the Loan Agreement describes certain occurrences, each of which constitutes an event of default under the Loan Documents. One such event of default is the failure to make a payment under the Loan Agreement when due.

22. Upon the occurrence of any event of default under the Loan Agreement, Lender is permitted to, among other things, declare the Borrower in default, stop making any additional credit available to Borrower, and require the Borrower to repay its entire debt immediately.

23. Further, as provided by the Guaranty, the Guarantor is obligated to pay all amounts due and owing to the Lender.

24. By letter dated May 4, 2022 (the "**Demand Letter**"), counsel for Lender notified counsel for Borrower and Guarantor in writing of the occurrence of certain events of default under the Loan Documents and demanded payment of the total due and owing on the Loan Agreement at that time (the "**Demand Amount**"). In an abundance of caution, the Demand Letter also provided Notice of Acceleration of the Loan.

25. Borrower and Guarantor refused to pay the Demand Amount, and all amounts are still due and owing as of the filing of this Complaint.

## IV.  CLAIM FOR RELIEF – BREACH OF CONTRACT AGAINST BORROWER

26. To the extent not inconsistent, Lender incorporates as if fully set forth herein by reference the allegations set forth in the foregoing paragraphs.

27. Each of the Loan Agreement, Security Agreement, and Security Agreement Deposit Account is a valid contract executed by Borrower.

28. Borrower has defaulted on its obligations under the Loan Documents for failure to pay at maturity all amounts due and owing, among other defaults.

29. All outstanding amounts owed by Borrower to Lender under the Loan Documents remain due and owing despite Lender's demand.

30. Lender is damaged by Borrower's failure to pay all amounts due and owing under the Loan Documents. As of April 17, 2023, Borrower owed $5,397,700.71 under the Loan Documents in outstanding principal and additionally owed all accrued and unpaid interest and fees, with interest continuing to accrue.

### V. CLAIM FOR RELIEF – BREACH OF CONTRACT AGAINST GUARANTOR

31. To the extent not inconsistent, Lender incorporates as if fully set forth herein by reference the allegations set forth in the foregoing paragraphs.

32. The Guaranty is a valid contract executed by Guarantor and delivered to Lender.

33. Borrower has defaulted on its obligations under the Loan Documents by, among other things, failing to make payment of all amounts due and owing upon the Loan's maturity and after Lender's demand. As a result of such defaults, all outstanding amounts under the Loan Documents remain due and owing.

34. Pursuant to the Guaranty, Lender is entitled to recover from Guarantor, jointly and severally, all amounts due and owing under the Loan Documents that have not been paid.

35. Lender made demand upon Guarantor to pay the Demand Amount. Despite Lender's demand and despite Guarantor's agreement to do so, Guarantor failed and refused to pay the Demand Amount.

36. Guarantor's failure to pay the Demand Amount constitutes a breach of Guarantor's obligations under the Guaranty.

37. Lender is damaged by Guarantor's failure to pay all amounts due and owing under the Loan Documents. As of April 17, 2023, Borrower owed $5,397,700.71 under the Loan Documents in outstanding principal and additionally owed all accrued and unpaid interest and fees, with interest continuing to accrue.

### VI. CONDITIONS PRECEDENT

38. All conditions precedent to Lender's recovery for the claims asserted herein have occurred or have been performed.

## VII. Attorneys' Fees

39. To the extent not inconsistent, Lender incorporates as if fully set forth herein by reference the allegations set forth in the foregoing paragraphs.

40. Pursuant to the terms of the Loan Documents, Lender is entitled to recover Borrower and Guarantor, jointly and severally, its reasonable costs and attorneys' fees incurred in collecting the amounts due and owing under the Loan Documents and in enforcing its rights under the Loan Documents from Borrower and Guarantor, jointly and severally.

41. Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 *et seq.*, Lender is entitled to an award of attorneys' fees in pursuit of this breach of contract action from Borrower and Guarantor, jointly and severally. Plaintiff has retained the law firm Bryan Cave Leighton Paisner, LLP to prosecute this action and is entitled to its reasonable and necessary attorneys' fees and costs.

## VIII. Prayer

Wherefore, BANA prays that Ztar Mobile and Haddad be cited to appear and make answer herein and that Lender:

- Be awarded judgment finding Ztar Mobile breached its obligations under the Loan Documents;

- Be awarded judgment finding Haddad breached his obligations under the Guaranty;

- Be awarded judgment finding Ztar Mobile and Haddad liable, jointly and severally, for the total amount due and owing under the Loan Documents, including all interest and other charges, as well as attorneys' fees and costs, which BANA has incurred and will continue to incur pursuant to the Loan Documents, including pre- and post-judgment interest; and

- Be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _/s/ Tricia W. Macaluso_
Tricia W. Macaluso
Texas Bar No. 24013773
Jaclyn Gallian
Texas Bar No. 24092845
2200 Ross Ave., Suite 4200w
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
tricia.macaluso@bclplaw.com
jaclyn.gallian@bclplaw.com

Kyle S. Hirsch
Texas Bar No. 24117262
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004
(602) 364-7000 (Telephone)
(602) 364-7070 (Facsimile)
kyle.hirsch@bclplaw.com

**ATTORNEYS FOR PLAINTIFF BANK OF AMERICA, N.A.**