UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 3:23-CV-826 |
| v. | § § | |
| ZTAR MOBILE, INC. AND KEVIN T. HADDAD, | § § § | Jury Trial Demanded |
| *Defendants.* | § § | |

## DEFENDANTS' FIRST AMENDED ANSWER AND JURY DEMAND

COMES NOW Defendants Ztar Mobile, Inc. and Kevin T. Haddad ("Defendants") and files their First Amended Answer to Plaintiff Bank of America, N.A.'s ("Plaintiff") First Amended Complaint as follows:

### PARTIES

1. As to paragraph 1 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

2. As to paragraph 2 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

3. Paragraph 3 of the First Amended Complaint is admitted.

4. Paragraph 4 of the First Amended Complaint is admitted.

5. Paragraph 5 of the First Amended Complaint is admitted.

6. Paragraph 6 of the First Amended Complaint is admitted.

## JURISDICTION AND VENUE

7. Paragraph 7 of the First Amended Complaint is admitted.

8. Paragraph 8 of the First Amended Complaint is admitted.

9. Paragraph 9 of the First Amended Complaint is admitted.

10. As to paragraph 10 of the First Amended Complaint, Defendants admit venue is proper.

## FACTUAL BACKGROUND

11. As to paragraph 11 of the First Amended Complaint, Defendants admit the documents were signed and that the documents say what they say.

12. Paragraph 12 of the First Amended Complaint is admitted.

13. As to paragraph 13, of the First Amended Complaint, Defendants admit the documents were signed and that the documents say what they say.

14. As to paragraph 14 of the First Amended Complaint, Defendants admit that Plaintiff has defined certain terms.

15. As to paragraph 15 of the First Amended Complaint, Defendants admit the documents say what they say.

16. As to paragraph 16 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

17. Paragraph 17 of the First Amended Complaint is denied.

18. As to paragraph 18 of the First Amended Complaint, Defendants admit that certain payments have not been made.

19. As to paragraph 19 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

20. Paragraph 20 of the First Amended Complaint is denied.

21. As to paragraph 21 of the First Amended Complaint, Defendants admit the documents say what they say.

22. As to paragraph 22 of the First Amended Complaint, Defendants admit the documents say what they say.

23. Paragraph 23 of the First Amended Complaint is denied.

24. As to paragraph 24 of the First Amended Complaint, Defendants admit the documents say what they say.

25. As to paragraph 25 of the First Amended Complaint, Defendants admit that certain payments have not been made.

## CLAIM FOR RELIEF

26. As to paragraph 26 of the First Amended Complaint, no response is required.

27. As to paragraph 27 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

28. As to paragraph 28 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

29. As to paragraph 29 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

30. As to paragraph 30 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

31. As to paragraph 31 of the First Amended Complaint, no response is required.

32. As to paragraph 32 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

33. As to paragraph 33 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

34. As to paragraph 34 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

35. As to paragraph 35 of the First Amended Complaint, Defendants admit that certain payments have not been made.

36. As to paragraph 36 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

37. As to paragraph 37 of the First Amended Complaint, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations.

38. As to paragraph 38 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

39. As to paragraph 39 of the First Amended Complaint, no response is required.

40. As to paragraph 40 of the First Amended Complaint, Defendants admit the documents say what they say.

41. As to paragraph 41 of the First Amended Complaint, a legal conclusion is alleged and therefore no response is required.

42. Defendants deny the allegations and the specific relief requested in the Prayer in the First Amended Complaint.

## DEFENSES

43. Plaintiff's claims are barred, in whole or in part, as a result of Plaintiff's fraud. Plaintiff falsely represented that Defendant Haddad's personal guarantee would be removed from the loan, as the personal guarantee language was included as part of a previous loan which had

since been paid off. Specifically, on August 14, 2018, Andrew Walker, a Vice President and Relationship Manager of Plaintiff, emailed Defendant Haddad that "Per the personal guarantee language, we can remove it as when the original docs we [*sic*] done there was still a small amount remaining on the term loan that has since been paid off."

44. Plaintiff's claims are barred, in whole or in part, as a result of Plaintiff's fraud Additionally, Plaintiff falsely represented to Defendants that Plaintiff would renew the Loan Agreement. On the afternoon of October 20, 2021, Mr. Walker and Defendant Haddad met for lunch, during which Mr. Walker represented that Plaintiff would renew the loan.

45. Plaintiff's claims are barred in whole or in part because of Plaintiff's fraudulent inducement as described above.

46. Plaintiff's claims are barred in whole or in part because of Plaintiff's misrepresentations as described above.

47. Plaintiff's claims are barred in whole or in part because of Plaintiff's own actions or omissions.

48. Plaintiff's claims are barred in whole or in part because of Plaintiff's unclean hands.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

**Dated**: September 1, 2023

Respectfully submitted,

*/s/ Jose M. Portela*

Jose Portela
Texas Bar No. 90001241
Beckham Portela
3400 Carlisle, Suite 550

Dallas, Texas 75204
214-965-9300 Telephone
214-965-9301 Facsimile
jose@bptriallaw.com

**ATTORNEY FOR ZTAR MOBILE, INC. AND KEVIN T. HADDAD**

## CERTIFICATE OF SERVICE

      The undersigned Counsel hereby certifies that the foregoing has been served via ECF and as indicated below on September 1, 2023:

| | |
|---|---|
| Kyle S. Hirsch<br>Two North Central Avenue, Suite 2100<br>Phoenix, Arizona 85004<br>(602) 364-7000 (Telephone)<br>(602) 364-7070 (Facsimile)<br><br>ATTORNEYS FOR PLAINTIFF BANK OF AMERICA, N.A. | Via ECF: kyle.hirsch@bclplaw.com |

                              */s/ Jose M. Portela*
                              Jose Portela

I:\Ztar\BoA\Pleadings 00826\2023-09-01 Defs Amd Answer.docx