IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, NA, § § | | |
| Plaintiff, § § | | |
| V. § | No. 3:23-cv-826-BN | |
| § | | |
| ZTAR MOBILE, INC. AND KEVIN § T. HADDAD, § § | | |
| Defendants. § | | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Bank of America, N.A. has filed a motion to strike the demand for a jury trial asserted by Defendants Ztar Mobile, Inc. and Kevin T. Haddad. *See* Dkt. No. 33.

Ztar and Haddad have filed a response, see Dkt. No. 34, and BANA has filed a reply, see Dkt. No. 37.

For the reasons explained below, the Court grants Plaintiff Bank of America, N.A.'s Motion to Strike Jury Demand [Dkt. No. 33].

### **Background**

This case concerns a claim of breach of contract. *See* Dkt. No. 33 at 2.

BANA and Ztar Mobile have had an existing loan arrangement for over ten years. *See* Dkt. No. 33 at 2. In connection with the prior loan arrangement, the parties entered into an amended loan agreement ("Amendment No. 4") on March 3, 2016. *See id*. Amendment No. 4 was executed by Haddad on behalf of Ztar to "among other

-1-

things, incorporate a jury trial waiver." *Id.* In Amendment No. 4., the jury trial waiver was located in Paragraph 10.4. *Id.* The parties also agreed to amend the corresponding security agreement to include a jury trial waiver in Paragraph 7. *See id.* at 3.

On March 29, 2019, BANA and Ztar entered into a new loan agreement (the "Loan Agreement") for a revolving line of credit in the original principal amount of $6,000,000.00 (the "Loan"). *See id.*

The Loan and the Loan Agreement, executed by Haddad on behalf of Ztar, are the subject of this lawsuit. The Loan Agreement includes a "bold-face, all-caps jury trial waiver" located in Paragraph 9.6. *See id.* The parties also entered into a corresponding security agreement ("Security Agreement"), that included a "bold-faced, all-caps jury trial waiver" located at Paragraph 16. *See id.* at 4. Haddad personally guaranteed the Loan in the Continuing and Unconditional Guaranty, which included a "bold-faced, all-caps" jury trial waiver at Paragraph 23. *See id.*

The parties entered into three amendments to the Loan Agreement over the course of three years. *See id.* Each of the amendments was executed by Haddad on behalf of Ztar and included a Consent and Reaffirmation of Guarantors and Pledgors that also reaffirmed, "among other things, Haddad's agreement to waive a jury trial." *Id.* at 5.

On March 31, 2022, the Loan matured and "all amounts became due and owing." Id. Ztar and Haddad, under his guaranty, failed and refused to pay despite demand from BANA. *Id.*

"After attempting to resolve the matter without success," BANA filed suit

against the Defendants on April 19, 2023. *Id.*

On September 1, 2023, Ztar and Haddad filed a demand for a jury trial. *See* Dkt. No. 29 at 5.

BANA filed a motion to strike the demand for a jury trial. *See* Dkt. No. 33 at 1. BANA argues that Ztar and Haddad "expressly and on numerous occasions agreed to explicit jury waivers in the controlling contracts." *Id.* BANA claims that Haddad, as a representative of Ztar, "knowingly and voluntarily" signed multiple agreements containing or reaffirming "bold-faced, all-caps jury trial waivers." *Id.* BANA contends that the "numerous contractual waivers" bar Ztar and Haddad's demand for a jury trial. *Id.* at 6.

Defendants Ztar and Haddad filed a response to BANA's motion to strike the jury demand. *See* Dkt. No. 34 at 1. Ztar and Haddad argue that BANA "failed to address all the relevant factors to be considered in determining enforceability of a jury waiver." *Id.* After an analysis of each relevant factor, Ztar and Haddad conclude that "the jury trial waivers were not voluntary, knowing, and intelligent and therefore should not be enforced." *Id.*

In reply, BANA argues that Ztar and Haddad failed to evidence "lack of 'bargaining power,'" "insufficient experience," and "lack of negotiability." Dkt. No 37 at 1-4. And BANA claims that each waiver was "conspicuous." *Id.* at 5.

**Legal Standards**

"The Seventh Amendment provides, '[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be

-3-

preserved.'" *Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535, 540-41 (5th Cir. 2023) (quoting U.S. CONST. amend. VII). "This right 'occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Id.* (cleaned up). But the United States Supreme Court "has long recognized that parties can waive their jury right." *Id.* Still, courts will indulge every reasonable presumption against a waiver of that right. *Jennings v. McCormick*, 154 F.3d 542 (5th Cir. 1998).

"Once a party demands a jury trial, a court cannot try the matter without a jury unless the parties consent or the court determines no right to a jury trial exists. FED. R. CIV. P. 39(a). Whether a party has a right to a jury trial in federal court is a matter of federal law. *Simler v. Conner*, 372 U.S. 221, 222 (1963). The parties may raise the issue of whether a jury-trial right exists by motion, or a court may raise the issue sua sponte. FED. R. CIV. P. 39(a)(2)." *Miramontes v. Peraton Inc.*, No. 3:21-cv-3019-B, 2022 WL 17364263, at *2 (N.D. Tex. Dec. 1, 2022); *see also* FED. R. CIV. P. 39(a) ("When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless: (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.").

The United States Court of Appeals for the Fifth Circuit has further explained that a party can "expressly or impliedly waive[ ] their right to a jury trial." *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir. 1980). "An express waiver 'requires only that

the party waiving such right do so 'voluntarily' and 'knowingly' based on the facts of the case.'" *Pizza Hut L.L.C.*, 79 F.4th at 541.

The Fifth Circuit has recognized that "facially valid contractual waivers, like other valid contractual provisions, are assumed enforceable unless the party seeking to avoid the waiver proves otherwise." *Id.* Once a party establishes that a contractual waiver exists, the burden shifts to the party objecting to enforcement of a waiver to explain why the contractual waiver is invalid. *Id.* "To be sure, this general rule assumes that the party invoking the waiver has shown that a facially valid contract exists between the parties." *Id.* Thus, "the party objecting to the enforcement of a waiver in a facially valid contract bears the burden of showing the waiver's unenforceability." *Id.*

## Analysis

Defendants Ztar and Haddad challenge each waiver's enforceability on the basis that the waivers "were not voluntary, knowing, and intelligent." *See* Dkt. No. 34 at 1. And Ztar and Haddad argue that BANA failed to address the factors that courts commonly consider in determining whether a waiver is voluntary and knowing. *See id.*

But it is Ztar and Haddad's burden to show that the factors weigh in favor of an invalid waiver. *See Pizza Hut L.L.C.*, 79 F.4th at 541.

The Fifth Circuit has identified five factors that are "helpful, though not exhaustive, factors in determining whether, under the totality of the circumstances, a [pre-dispute] contractual jury waiver is knowing and voluntary": "(1) whether both

-5-

parties had an opportunity to negotiate the terms of the agreement, (2) whether the provision waiving jury trial was conspicuous, (3) the relative bargaining power of the parties, [] (4) the business acumen or professional experience of the party opposing the waiver," and (5) "whether the party was represented by counsel." *Id.* at 544 (cleaned up).

Here, the relevant factors support upholding the jury waivers in this case, and the Court finds that Ztar and Haddad voluntarily and knowingly waived their right to a jury trial.

First, Ztar and Haddad argue that the "inherent bargaining disparity between a borrower and lender" suggests that the waiver was not executed knowingly or intelligently. Dkt. No. 34 at 2. But, "[t]o invalidate a waiver provision ... the bargaining differential must be the kind of extreme bargaining disadvantage or gross disparity in bargaining position that occurs in certain exceptional situations." *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, Inc., 56 F. Supp. 2d 694, 709 (E.D. La. 1999). Even if there "was some inequality of bargaining power present in the transactions in question," it would not be enough to render the waiver invalid unless the situation was "exceptional." *Id.* Ztar and Haddad's "ability to take out a loan … is not a necessity of life such that Defendant[s] w[ere] compelled to accept Plaintiff's loan on whatever terms it was offered." *Id.*

And, even in situations more akin to a large degree of disparity in bargaining power, "a 'take it or leave it' situation alone does not make the waiver unenforceable or unconscionable." *Zavala v. Aaron's, Inc.*, No. 4:15-CV-123, 2015 WL 5604766, at \*4

(E.D. Tex. Sept. 23, 2015). Here, "[n]othing compelled Defendant[s] to accept the loan on these terms, they were perfectly free to reject the deal." *Westside-Marrero*, 56 F. Supp. 2d at 709. And, so, the Court finds that this factor works for enforcement of the waiver clause.

Second, Ztar and Haddad argue that they lack sufficient "business or professional experience" due to Haddad's lack of "legal education or training." Dkt. No. 34 at 3. "When examining a [party's] business acumen and sophistication, courts consider his or her education and work experience." *Williams v. Aire Serv, LLC*, No. 6:18-cv-304-ADA-JCM, 2019 WL 13150025, at *3 (W.D. Tex. June 12, 2019). They also consider whether a party retained counsel, though this fact is not dispositive. *See Zavala*, 2015 WL 5604766, at *2. Generally, courts require no extraordinary level of sophistication and will enforce a waiver so long as it is unambiguous and the opposing party did not deprive the other party of legal representation. *See id.*

Here, Haddad has been President and Chief Executive Officer of Ztar "at all times relevant in the allegations." Dkt. No. 7 at 2. He has at least retained his position since June 14, 2012. *See* Dkt. No. 33 at 2.

BANA provided Haddad with several waivers, "boldly marked" and written in all-caps. *See* Dkt. No. 33 at 2. For example, Paragraph 9.6 of the Loan Agreement reads: "EACH PARTY HERETO IRREVOCABLY WAVIES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW ANY RIGHT IT MAY HAVE TO A JURY TRIAL." *See* Dkt. No. 37 at 3.

The Court cannot conclude that Haddad, President and Chief Executive Officer

of a company for over a decade, "lacked the wherewithal to understand this provision." *Williams*, 2019 WL 13150025, at *4. His decision to forgo legal representation when reviewing, negotiating, or drafting this agreement "does not change this conclusion." *Id.* "In cases where a party is represented by counsel but the attorney chooses not to review a contract, courts have held that the 'representation' factor is satisfied and upheld waiver of the right to a jury trial." *Westside-Marrero*, 56 F. Supp. 2d at 708. Haddad admits that he was represented by counsel when entering into the original loan agreement in 2012. *See* Dkt. No. 34 at 3.

And, so, the Court finds that this factor works for enforcement of the waiver clause.

Third, Ztar and Haddad argue that their lack of opportunity to negotiate the terms of the relevant agreement render the waivers unenforceable. *See id.* Ztar and Haddad claim there was "little to no negotiation between Plaintiff and Defendants in their course of dealing." *See id.* at 4. But that Ztar and Haddad "did not attempt to negotiate the provisions does not mean that, in fact, the waiver or other terms in the contracts were not negotiable." *Westside-Marrero*, 56 F. Supp. 2d at 707. And Ztar and Haddad have "not put any evidence before the Court suggesting that [they] did not have the opportunity to negotiate the terms" of these agreements. *Lambda Energy Res., LLC v. Beckman Prod. Servs., LLC*, No. 4:22-CV-01202, 2023 WL 9105684, at *1 (S.D. Tex. Sept. 14, 2023).

And Ztar and Haddad claim that they discussed "credit amount[s], terms, and interest rates" with Vice President, Andrew Walker, while outlining the "basic terms"

of the 2019 Loan Agreement. *See* Dkt. No. 34 at 4. If anything, this "indicates that the [Ztar and Haddad] did successfully negotiate terms in contracts" with BANA. *Westside-Marrero*, 56 F. Supp. 2d at 707.

And, so, the Court finds that this factor favors enforcement of the waiver clause.

Fourth, Ztar and Haddad argue that the waiver language in the Loan Agreement, while "bolded and capitalized," is the eighty-sixth of 100 paragraphs in a 16-page document. And, Ztar and Haddad assert, the Loan Agreement "contains other bolded, capitalized language" elsewhere in the document. Ztar and Haddad make the same argument for the waiver in the Security Agreement and Guaranty.

But "[a] waiver provision does not have to be set apart to be conspicuous." *Pizza Hut L.L.C.*, 79 F.4th at 545. "Courts determine the conspicuousness of jury waiver clauses on a case-by-case basis, and consider factors such as the typeface, the length of the document, and the location of the waiver clause." *Id.* at 545 n.34 (cleaned up). And "[u]nambiguous language also suggests that a jury waiver is sufficiently conspicuous." *Zavala*, 2015 WL 5604766, at *2.

While the Loan Agreement is 16 pages long, the jury waiver is bolded and capitalized, and Ztar and Haddad's jury trial waivers are unambiguous. The Court finds that "the waiver is sufficiently conspicuous, and this factor favors enforcement." *Oneto as Tr. of Miguel Oneto Tr. v. Latinoamericana de Energia*, No. 1:21-CV-00175, 2024 WL 467567, at *1 (S.D. Tex. Jan. 10, 2024); *accord Lambda*, 2023 WL 9105684, at *1 (finding that "the provision waiving a jury trial is conspicuous, as it is written in plain language and in capital letters").

## Conclusion

The Court grants Plaintiff Bank of America, N.A.'s Motion to Strike Jury Demand [Dkt. No. 33] and orders that Defendants Ztar Mobile, Inc. and Kevin T. Haddad's jury trial demand is stricken.

This matter is now set for a bench trial on **Monday, September 16, 2024 at 9:00 a.m.**, and the final pretrial conference is reset to **Friday, September 13, 2024 at 10:00 a.m.**

SO ORDERED.

DATED: April 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE