IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-826-BN |
| ZTAR MOBILE, INC. and KEVIN T. HADDAD, LLC, | § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
<u>PREJUDICE UNOPPOSED MOTION TO SEAL</u>**

The parties filed a joint status report on September 11, 2024 to inform the Court that, at a minimum, their settlement of this case has hit a significant snag but that it is Plaintiff Bank of America, N.A.'s ("BANA") "contention the parties had already negotiated a resolution and the outstanding issue is documentation," and, so, BANA "intends to promptly file a motion for enforcement of settlement reached at mediation, with a request that the draft settlement documentation be filed under seal due to the confidentiality provisions negotiated by the parties." Dkt. No. 53.

And, on September 16, 2024, BANA moved, without opposition, for entry of an order authorizing it to file under seal two exhibits intended to support its motion to enforce the settlement. *See* Dkt. No. 54.

Redacted exhibits revealing the confidentiality provisions were not offered. Nor did BANA provide the text of the confidentiality provisions in its motion.

Instead, in the motion to seal, BANA acknowledges that "the presumption

favors public access to judicial records" but argues that "the present circumstances warrant nondisclosure."

> BANA intends to file a motion to enforce a settlement reflected in these documents – a settlement that the parties expressly contemplated would be confidential. The United States Court of Appeals for the Fifth Circuit has recognized a district court's authority to narrowly tailor an order to seal a settlement agreement where the parties to the settlement agreed to maintain confidentiality and such confidentiality was a material inducement to settlement, given the fact that public policy favors voluntary settlements. *Seals v. Herzing Inc. – New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012).
> 
> BANA's specific expectation of confidentiality is supported by sound business reasons. BANA is involved in numerous loans, and resorts to litigation when a consensual repayment cannot be achieved. To the extent BANA is able to negotiate litigation settlements, it does so. But open disclosure of BANA's resolutions with its borrowers – each of which includes specific facts and circumstances that do not broadly apply to other borrowers – can be used to BANA's disadvantage in unrelated cases. BANA therefore typically negotiates settlements under an express expectation of confidentiality.

*Id.* (cleaned up).

"Once a document is filed on the public record" – even an executed or draft settlement agreement offered as an exhibit to enforce a settlement – "it becomes a 'judicial record.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

And BANA is correct that "the working presumption is that judicial records should not be sealed." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citing *Vantage*, 913 F.3d at 450).

In fact, the Fifth Circuit "require[s] information that would normally be private

to become public by entering the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022).

To overcome this presumption, a party seeking to seal a judicial record must move for leave to do so – after "thinking long and hard about [the Court's] duty to balance the public's common law right of access [to the documents] against the interests favoring nondisclosure." *Kozlowksi v. Buck*, No. 3:20-CV-00365, 2021 WL 4973710, at *2 (S.D. Tex. Oct. 25, 2021).

And, under this Court's standing procedures, *see* Dkt. No. 21, that party must, in the motion for leave, (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right to know; and (3) explain why no other viable alternative to sealing exists, *see also Le*, 990 F.3d at 419 (directing that, to decide whether something should be sealed, "judges … must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" and that "[s]ealings must be explained at a level of detail that will allow for this Court's review" (cleaned up)).

BANA's motion to seal, although unopposed, does not carry its burden to seal judicial records under these standards.

True, the unpublished decision that BANA cites, *Seals*, does hold that a "district court did not abuse its discretion in sealing [a] settlement agreement where the parties previously agreed to maintain confidentiality during an arbitration and

such confidentiality was a 'material inducement for [the defendant] to enter into [the settlement] Agreement.'" *Varsity Gay League LLC v. Nichols*, No. 3:22-cv-2711-B, 2023 WL 5284842, at *2 (N.D. Tex. Aug. 16, 2023) (quoting *Seals*, 482 F. App'x at 896).

But BANA's unopposed motion to seal does not expressly provide that maintaining confidentiality was a material inducement to enter into this settlement agreement. *See* Dkt. No. 54 (explaining, for example, that "that the parties expressly contemplated [that the settlement] would be confidential"; that "BANA's specific expectation of confidentiality is supported by sound business reasons"; and that "BANA therefore typically negotiates settlements under an express expectation of confidentiality"); *compare id.*, *with Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 228 (5th Cir. 2020) ("While the district court did not balance this possible factor, the district court also considered that 'keeping the settlement terms confidential [might have been] a factor in the parties' decision to settle.' The district court did not give this potentiality any weight because the record does not state whether keeping the settlement terms confidential was such a factor. Nor do we. Although the parties agreed to keep the settlement terms confidential at the post-conference meeting, it is unclear whether this agreement was a factor in the parties' decision to settle. *Cf. Seals*, 482 F. App'x at 896 ('In light of the parties' agreement to maintain confidentiality, the express statement that the confidentiality was a material inducement for a party to settle, the fact that public policy favors voluntary settlements, and the limitation of the district court's order to ... three exhibits (i.e.,

two confidential consent awards and an arbitration transcript), we conclude that the district court did not abuse its discretion in ordering these exhibits sealed.'); *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (holding that a district court 'cannot rely on the general interest in encouraging settlement to justify the sealing of an agreement which the parties mistakenly believed would remain confidential')." (cleaned up)).

The Court therefore DENIES the unopposed motion to seal [Dkt. No. 54] WITHOUT PREJUDICE to Plaintiff Bank of America, N.A.'s ability to refile a motion to seal that strictly complies with the August 9, 2023 Standing Order on Filing Materials Under Seal [Dkt. No. 21].

SO ORDERED.

DATE: October 4, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE