UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BANK OF AMERICA, N.A., § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| v. § | 3:23-CV-826 |
| § | |
| ZTAR MOBILE, INC. AND § | |
| KEVIN T. HADDAD, § | |
| § | |
| Defendants. § | |

## RENEWED MOTION TO SEAL (UNOPPOSED)

COMES NOW Plaintiff Bank of America, N.A. ("BANA") and moves for entry of an order authorizing BANA to file under seal and without redactions:

**Exhibit 1** – Executed Memorandum of Settlement dated June 12, 2024 ("Memorandum")

**Exhibit 2** – Draft Settlement Agreement with exhibits ("Settlement Agreement Draft")

This motion renews BANA's request to file under seal without redactions the Memorandum and the Settlement Agreement Draft in response to the Court's Order [ECF No. 55] denying without prejudice BANA's previous motion to file the documents under seal. Included here are redacted versions of the Memorandum (Exhibit A) and the Settlement Agreement Draft (Exhibit B), along with an explanation of the redacted provisions and rationale why the unredacted documents should be available under seal for only the Court's consideration.

Federal Rule of Civil Procedure 5.2 authorizes the Court to "order that a filing be made under seal without redaction." Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). ("In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure.");

*see also United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017) ("In the Fifth Circuit, the common law right of access to judicial records has consistently been addressed on a case-by-case basis").

While the presumption favors public access to judicial records, the present circumstances warrant nondisclosure. BANA intends to file a motion to enforce a settlement reflected in these documents – a settlement that the parties expressly contemplated would be confidential. The United States Court of Appeals for the Fifth Circuit has recognized a district court's authority to narrowly tailor an order to seal a settlement agreement where the parties to the settlement agreed to maintain confidentiality and such confidentiality was a material inducement to settlement, given the fact that public policy favors voluntary settlements. *Seals v. Herzing Inc.-New Orleans*, 482 Fed.Appx. 893, 896 (5th Cir. 2012).

BANA's specific expectation of confidentiality, as provided under the Memorandum and in the Settlement Agreement Draft Section 4, is supported by sound business reasons. BANA is involved in numerous loans, and resorts to litigation when a consensual repayment cannot be achieved. To the extent BANA is able to negotiate litigation settlements, it does so. But open disclosure of BANA's resolutions with its borrowers – each of which includes specific facts and circumstances that do not broadly apply to other borrowers – can be used to BANA's disadvantage in unrelated cases. BANA therefore typically negotiates settlements under an express expectation of confidentiality, such as those contained in the Memorandum and in the Settlement Agreement Draft.

Consistent with the Court's standing procedures, a redacted copy of the Memorandum is attached as Exhibit A; and BANA generally describes the redacted provisions and explains why the redacted provisions should remain undisclosed to the public as follows:

> Page 1, Sections 1-3 discuss the agreed payment and interest terms. BANA specifically negotiated these repayment terms, and public disclosure would compromise BANA's ability to engage in direct negotiations with loan obligors regarding repayment of outstanding obligations.
>
> Page 1, Section 4 addresses disclosures to be made during the course of the settlement period. BANA specifically negotiated these disclosures, and public disclosure would compromise BANA's ability to engage in direct negotiation with loan obligors regarding the types of disclosures that are required in connection with a debt enforcement settlement.
>
> Page 1, Section 5, addresses the circumstances and consequences upon a default. BANA specifically negotiated these terms, and public disclosure would compromise BANA's ability to engage in direct negotiation with loan obligors as to these issues.
>
> Page 2, Section 7, discusses the mechanics for dismissal of the lawsuit subject to the Court's retention of jurisdiction to address defaults. The provisions in this section disclose information that is provided in the foregoing redacted provisions.

Consistent with the Court's standing procedures, a redacted copy of the Settlement Agreement Draft is attached as Exhibit B; and BANA generally describes the redacted provisions and explains why the redacted provisions should remain undisclosed to the public as follows:

> Pages 2-3, Section 2.1 discusses the agreed payment terms. BANA specifically negotiated these repayment terms, and public disclosure would compromise BANA's ability to engage in direct negotiations with loan obligors regarding repayment of outstanding obligations.
>
> Page 3, Section 2.2 and Pages 9-11, Exhibit 2.2 address disclosures to be made during the course of the settlement period. BANA specifically negotiated these disclosures, and public disclosure would compromise BANA's ability to engage in direct negotiation with loan obligors regarding the types of disclosures that are required in connection with a debt enforcement settlement.
>
> Page 3, Section 2.3 and Pages 12-16, Exhibit 2.3 address the circumstances and consequences upon a default. BANA specifically negotiated these terms, and public disclosure would compromise BANA's ability to engage in direct negotiation with loan obligors as to these issues.
>
> Page 4, Section 6, defines what, in part, constitutes a default. The provisions in this section disclose information that is provided in the foregoing redacted provisions.

Notably, Section 4 of the Settlement Agreement Draft is the negotiated confidentiality provision.

Given the foregoing, no other viable alternative exists to filing under seal the Memorandum and the Settlement Agreement Draft. The Court should be in a position to evaluate the "final documentation" exchanged among the parties that BANA asserts documents the negotiated settlement. However as described, BANA has a legitimate and compelling interest in protecting against disclosure of the Memorandum and the Settlement Agreement Draft, and the parties expressly negotiated for such confidentiality. Absent filing under seal, the Court will be unable to conduct such evaluation while preserving the legitimate expectations of the parties to the confidentiality of the negotiated settlement.

After conferring, Defendants Ztar Mobile, Inc. and Kevin T. Haddad have confirmed, through counsel, that they do not oppose the relief requested herein.

WHEREFORE, for good cause shown, BANA asks that the Court authorize it to file the above-referenced documents under seal for the Court to consider in connection with the forthcoming motion to enforce the settlement.

Dated: October 8, 2024

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:   */s/ Kyle S. Hirsch*
Kyle S. Hirsch
Texas Bar No. 24117262
Gregory B. Iannelli
Arizona Bar No. 026549
2200 Ross Ave., Suite 4200 W
Dallas, Texas 75201
(214) 721-8000 (Telephone)
(214) 721-8100 (Facsimile)
kyle.hirsch@bclplaw.com
greg.iannelli@bclplaw.com

**ATTORNEYS FOR PLAINTIFF BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

      I certify that on October 8, 2024, a true and correct copy of the foregoing was served on all counsel and parties of record electronically through the Court's ECF system.

                                                    */s/ Kyle S. Hirsch*