IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-826-BN |
| | § | |
| ZTAR MOBILE, INC. and KEVIN T. HADDAD, LLC, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

The Court previously granted in part and denied in part a motion for summary judgment filed by Plaintiff Bank of America, N.A. ("BANA") [Dkt. No. 41] to the extent that summary judgment was granted as to Defendants Ztar Mobile, Inc. and Kevin T. Haddad's liability on BANA's claims for breach of contract against Ztar, as borrower, and Haddad, as guarantor, but summary judgment was not granted as to the amount of damages to be awarded based on those claims, and the Court granted BANA leave to file a second summary judgment motion as to damages. *See Bank of Am., N.A. v. Ztar Mobile, Inc.*, No. 3:23-cv-826-BN, 2025 WL 642052 (N.D. Tex. Feb. 27, 2025) [Dkt. No. 80] ("*Ztar I*"). And, so, the Court has yet to enter a judgment in this case.

BANA filed the second summary judgment motion. *See* Dkt. No. 81. Defendants simultaneously responded to the motion and filed a motion to strike. *See* Dkt. Nos. 85 & 86. And BANA responded to the motion to strike and filed a reply

brief. *See* Dkt. Nos. 87 & 88.

BANA supports its request for summary judgment as to its calculation of damages – including its reasonable attorneys' fees and costs – through the parties' loan agreement, its amendments, and Haddad's guaranty [Dkt. No. 81-1, Exs. A-E]; the May 4, 2022 notice of acceleration and demand for payment [Dkt. No. 81-1, Ex. F]; (as to contractual damages) a February 2025 declaration from a John Clarke, a BANA senior vice-president, attaching exhibits that include Clarke's prior declaration [Dkt. No. 81-1, Ex. G]; and (as to attorneys' fees and costs) a declaration from its counsel [Dkt. No. 81-1, Ex. H].

And Defendants oppose the motion by (1) moving to strike Clarke's February 2025 declaration because it is undated and thus fails to comply with 28 U.S.C. § 1746; (2) arguing that, once the February 2025 supplemental declaration is stricken, Clarke's prior declaration is conclusory and thus fails to establish the amount of damages; and (3) claiming that, because BANA "has not shown itself to be the prevailing party," "it is not entitled to attorneys' fees." Dkt. Nos. 85 & 86.

For the follow reasons, the Court denies the motion to strike, overrules Defendants' remaining objections, and grants in part and denies in part BANA's pending motion for summary judgment.

## Discussion

**I.    The Court denies Defendants' motion to strike and overrules their objections to the summary judgment evidence.**

An unsworn declaration is generally not sufficient summary judgment

evidence. *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013).

And, while Section 1746 "provides an exception," "[f]or the exception to apply, the declaration must be signed, dated, and state 'under penalty of perjury' that its contents are 'true and correct.'" *Rodrigues v. U.S. Bank Nat'l Ass'n*, No. 3:20-cv-291-D, 2021 WL 2717538, at *2 (N.D. Tex. July 1, 2021) (quoting 28 U.S.C. § 1746).

So Clarke's February 2025 declaration is technically deficient where it concludes "I declare under penalty of perjury that the foregoing is true and correct. Executed this __ day of February, 2025." Dkt. No. 81-1 at 53.

But "courts typically do not exclude an undated declaration unless it fails to comply with some other statutory requirement as well." *Olibas v. John Barclay Native Oilfield Servs., LLC*, No. 3:11-cv-2388-B, 2014 WL 12602869, at *2 & n.4 (N.D. Tex. Mar. 12, 2014) (collecting cases).

And "courts have held that the absence of a date on such documents does not render them invalid if extrinsic evidence could demonstrate the period when the document was signed." *Id.* (quoting *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475-76 (6th Cir. 2002)).

BANA's reply brief persuasively explains the existence of such evidence here. *See* Dkt. No. 87 at 3. And, so, the Court will not strike Clarke's February 2025 declaration. *Compare Olibas*, 2014 WL 12602869, at *2 ("Here, Schmid's declaration, which otherwise complies with the law, should not be excluded based on the mere technicality that it is undated, because Defendants pointed to extrinsic evidence in

their brief 'demonstrat[ing] the Declaration was signed on August 5, 2013.'" (citing Defendants' reply)), *with Rodrigues*, 2021 WL 2717538, at *2 & n.1 ("Rodrigues has not directed the court to any extrinsic evidence that could demonstrate when she signed her declaration, nor does the court discern any from the record. Accordingly, the court concludes that, given the explicit language of the statute, the declaration must therefore be excluded from consideration" but "acknowledges the technical nature of this conclusion and reserves judgment on whether it would reach a different conclusion if not for its decision [to permit Rodrigues] leave to supplement her summary judgment evidence." (cleaned up)).

The Court also overrules Defendants' remaining objections to the summary judgment motion and its evidence for the reasons set out in BANA's reply. *See generally* Dkt. No. 88.

## II. The Court grants BANA's motion for summary judgment to the extent that the Court awards damages under the contract other than attorneys' fees and costs.

In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff because of the breach. *See Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

And the Court already has held that BANA "'has established, beyond peradventure, all of the essential elements of its breach of contract claims to warrant

judgment in its favor' as to Defendants' liability." *Ztar I*, 2025 WL 642052, at \*11 (cleaned up; quoting *Coim USA Inc. v. Sjobrand Inc.*, 663 F. Supp. 3d 684, 689 (N.D. Tex. 2023) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986))).

After carefully reviewing the summary judgment evidence [Dkt. No. 81-1], the Court now concludes that the damages specified in Clarke's February 2025 declaration are backed up by the business records attached to that declaration and support entering summary judgment as to the amount of damages – other than attorneys' fees and costs – based on the breach of contract claims.

As of July 31, 2024, that amount totaled $7,053,127.38. That total is comprised of (1) the outstanding principal balance of the loan of $5,397,700.71 ($5,450,007.88 [the amount BANA dispersed to Defendants] less a payment of $52,307.17 on June 24, 2022), *see, e.g.*, Dkt. No. 81-1, Ex. G., ¶¶ 6 & 7; (2) non-default interest of $925,462.62, *see, e.g.*, *id.*; and (3) additional default interest of $729,964.05, which commenced on May 12, 2022, and is equal to a per diem amount of $899.62, *see, e.g.*, *id.*, ¶¶ 8 & 9.

And the Court will include in the award of damages additional default interest at the per diem amount calculated from August 1, 2024 to November 6, 2025 (the date that judgment is entered). That amounts to an additional $88,162.76 in interest ($899.62 x 98 days).

And, so, damages (not including attorneys' fees and costs) as of entry of judgment total $7,141,290.14.

Post-judgment interest will accrue on that total in accordance with 28 U.S.C. § 1961.

### III. The Court requests that BANA file a post-judgment motion as to attorneys' fees and costs.

BANA moves for its attorneys' fees and costs under the loan agreement. *See* Dkt. No. 81 at 10 (citing Dkt. No. 81-1, Ex. A, § 9.9); Dkt. No. 81-1, Ex. H. Defendants respond that, because BANA "has not shown itself to be a prevailing party," "it is not entitled to recover attorneys' fees." Dkt. No. 86 at 6 n.3. And it appears that BANA has not replied to Defendants' position. *See generally* Dkt. Nos. 87 & 88.

"In a diversity case, state law controls whether attorney's fees are recoverable and reasonable." *Bennigan's Franchising Co., LLC v. Team Irish*, No. 3:11-cv-364-D, 2011 WL 3903068, at *2 (N.D. Tex. Sept. 6, 2011) (citing *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)).

"Texas law permits an award for attorney's fees only if authorized by statute or contract." *Id.* (citing *Int'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006)).

And, "[w]hen a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under § 38.001 [of the Texas Civil Practice and Remedies Code] if there is proof that the fees are reasonable." *Id.* at *3 (citations omitted).

"In addition to the statutory right to recover attorney's fees under the

-6-

provisions of § 38.001, '[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38.'" *Id.* (quoting *KB Home*, 295 S.W.3d at 653; citation omitted). In that case, "the terms of the contract, not statute, control the outcome of the case." *Id.* (cleaned up).

As to Defendants' opposition to BANA's pending request for attorneys' fees and costs, "[s]ome statutes and contracts provide for fees as one available remedy if a party prevails on a claim. In such cases, [the Texas Supreme Court has] held that a party who receives no affirmative judicial relief from the trial court cannot recover attorney's fees. Indeed, a favorable judgment by the trial court is critical to the prevailing-party determination." *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 824-25 (Tex. 2024) (cleaned up; citing *KB Home*, 295 S.W.3d at 654 ("[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)))).

And "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) (citations omitted)).

And, so, if BANA was moving for attorneys' fees as a prevailing party, because the Court's order granting summary judgment only as to liability is itself

interlocutory, the lack of a final judgment or similar order materially altering the legal relationship of the parties prior to BANA's moving for attorneys' fees could support Defendants' position that BANA's request for attorneys' fees is, at least, premature. *See id.*; *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 350 (5th Cir. 2021) ("Texas courts hew to the reasoning of *KB Homes*, which requires a plaintiff to obtain actual relief in the form of damages or equitable relief before fees can be awarded." (footnote omitted)); *Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 542 (5th Cir. 2022) ("The standard used by both Texas and federal courts is whether the preliminary relief resulted in a 'material change in the legal relationship between the parties.' The injunction here effectuated that change by requiring Sea Wasp to unlock the domain names. As a result, both sides prevailed in some aspects of this suit and the district court did not err in refusing to award fees." (citations omitted)).

But it appears that BANA is moving for fees and costs not as a prevailing party per se but under the loan agreement, under which it is not clear that it must be a "prevailing party" to obtain an award.

Regardless, because BANA did not address Defendants' opposition on reply – and to avoid any confusion as to the basis for a fee award – the Court will not award BANA attorneys' fees and costs at this time but will allow it to, as applicable, move for attorneys' fees as a prevailing party and/or under the loan agreement and for costs as a prevailing party, *see* FED. R. CIV. P. 54(d), and/or under the loan agreement. And

BANA may move to tax costs, *see* FED. R. CIV. P. 54(d)(1), and may file a timely and properly supported motion for attorneys' fees after the Court enters judgment, *see* FED. R. CIV. P. 54(d)(2)(B)(i).

## Conclusion

The Court DENIES Defendants Ztar Mobile, Inc. and Kevin T. Haddad's motion to strike and OVERRULES their remaining objections [Dkt. Nos. 85 & 86] and GRANTS IN PART AND DENIES IN PART Plaintiff Bank of America, N.A.'s motion for summary judgment [Dkt. No. 81]. And the Court will enter a separate final judgment pertaining to both this memorandum opinion and order and the memorandum opinion and order entered on February 27, 2025 [Dkt. No. 80].

SO ORDERED.

DATE: November 6, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE