IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-826-BN |
| | § | |
| ZTAR MOBILE, INC. and KEVIN T. | § | |
| HADDAD, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

After granting Plaintiff Bank of America, N.A.'s motions for summary judgment, *see* Dkt. Nos. 80 & 92, the Court entered judgment on November 6, 2025, awarding $7,141,290.14 in damages against Defendants Ztar Mobile, Inc. and Kevin T. Haddad, an amount that includes neither post-judgment interest under 28 U.S.C. § 1961 nor Plaintiff's attorneys' fees and costs, *see* Dkt. No. 93.

Defendants noticed an appeal on December 5, 2025. *See* Dkt. No. 96.

And, on January 21, 2026, Haddad moved for leave to proceed *in forma pauperis* ("IFP") on appeal. *See* Dkt. No. 102.

The Court denies Haddad's IFP motion for the following reasons.

### Legal Standards

"[A] party who did not proceed *in forma pauperis* in the district court, but who wishes to so proceed on appeal, must file a motion with the district court" that complies with Federal Rule of Appellate Procedure 24(a)(1). *Owens v. Inc. Vill. of*

*Garden City*, 23-CV-07730 (JMA) (ST), 2025 WL 27466, at *1 (E.D.N.Y. Jan. 3, 2025); *compare id.*, *with* FED. R. CIV. P. 24(a)(3)(A) ("A party who was permitted to proceed [IFP] in the district-court action, … may proceed on appeal in forma pauperis without further authorization, unless … the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.").

And "[a] claimant may appeal *in forma pauperis* only if he meets three requirements." *Evans v. Fisher*, 669 F. App'x 259, 260 (5th Cir. 2016).

> First, he must submit "an affidavit [stating that he] is unable to pay such fees or give security therefor." [28 U.S.C.] § 1915(a)(1); *accord* FED. R. APP. P. 24(a)(1)(A). Second, the claimant must "state[ ] the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1)(C); *accord* § 1915(a)(1). Third, the litigant's appeal must be "taken in good faith." § 1915(a)(3).

*Id.*

"A claimant appeals in 'good faith' when he seeks review of an issue 'arguable on [its] merits (and therefore not frivolous).'" *Id.* (quoting *Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983))); *accord Cruz v. Hauck*, 404 U.S. 59, 60 (1971) (Douglas, J., concurring) ("'Good faith' has been defined as a requirement that an appeal present a nonfrivolous question for review.").

And, "[a]lthough a plaintiff seeking IFP status need not demonstrate probable success on the merits, *Jackson v. Dallas Police Department*, 811 F.2d 260, 261 (5th

Cir. 1986), his complaint will be deemed frivolous 'if it lacks an arguable basis in law or fact,' *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)." *Donaldson v. Ducote*, 112 F. App'x 329, 331 (5th Cir. 2004) (per curiam).

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* (quoting *Harper*, 174 F.3d at 718 (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998))).

## Analysis

Haddad's affidavit provides that his "issues on appeal are" that "[t]he Court erred in granting [the motions for summary judgment] because a genuine issue of material fact existed as to whether the Loan Agreement and the Guaranty were fraudulently induced and are unenforceable." Dkt. No. 102-1 at 2.

That's conclusory. But it's not frivolous. That is, if fleshed out with facts, Haddad's conclusions could raise "an issue arguable on its merits." *Evans*, 669 F. App'x at 260 (cleaned up).

Where Haddad falters, however, is his financial affidavit.

The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would not be deprived of meaningful access to the federal judicial system due to their financial circumstances." *Bucklew v. St. Clair*, No. 3:18-cv-2117-N-BH, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019).

"[A] district court's determination of whether a party may proceed *in forma pauperis* must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *Bell v. Children's Prot. Servs.*, 506 F. App'x 327, 327-28 (5th Cir. 2013) (per curiam)).

And, so, to gain access to federal court, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

The Court must then examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

"This entails a review of other demands on individual [applicants'] financial resources, including whether the expenses are discretionary or mandatory." *Id.*

And, while "[t]he term 'undue financial hardship' is not defined and, therefore, is a flexible concept[,] ... a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" *Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Williams v. Louisiana*, Civ. A. No. 14-00154-BAJ-EWD, 2017 WL 3124332, at *1 (M.D. La. Apr. 14, 2017)

-4-

(noting that the applicable standard "requires a showing of more than an inconvenience to the applicant" (citations omitted)).

The Court cannot find that requiring Haddad to pay to pursue this appeal would result in his inability to pay for the "necessities of life" where Haddad's financial affidavit provides that he earns $50,000 per month (and reports monthly expenses totaling less than that ($34,812)); lives in a nearly $3 million dollar home; and drives a $100,000 Cadillac Escalade. *See* Dkt. No. 102-1.

## Conclusion

The Court DENIES Defendant Kevin T. Haddad's Motion for Leave to Proceed In Forma Pauperis [Dkt. No. 102].

SO ORDERED.

DATE: January 22, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE