IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-826-BN |
| | § | |
| ZTAR MOBILE, INC. and KEVIN T. | § | |
| HADDAD, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND CHARGING ORDER**

After granting the motions for summary judgment filed by Plaintiff Bank of America, N.A. ("BANA"), *see* Dkt. Nos. 80 & 92, the Court entered judgment on November 6, 2025, awarding $7,141,290.14 in damages against Defendants Ztar Mobile, Inc. and Kevin T. Haddad ("Mr. Haddad"), an amount that includes neither post-judgment interest under 28 U.S.C. § 1961 nor BANA's attorneys' fees and costs, *see* Dkt. No. 93.

Defendants noticed an appeal of the judgment. *See* Dkt. No. 96. But they did not move the Court to stay it. Nor has the Court otherwise stayed the judgment. And the 30-day automatic stay as to execution on the judgment and proceedings to enforce it has expired. *See* FED. R. CIV. P. 62(a).

To enforce its judgment, BANA applied on February 11, 2026 for charging orders against KC Haddad Management, LLC and KC Haddad Real Estate, LLC, both limited liability companies organized under the laws of the State of Texas. *See*

Dkt. Nos. 105 & 106. BANA has offered evidence that Mr. Haddad is a member and manager of both LLCs. *See* Dkt. Nos. 105-1 & 106-1. And no objection to these applications has been filed. *See* Dkt. Nos. 110 & 111; N.D. TEX. L. CIV. R. 7.1(e).

Absent a stay, a federal court may enforce a money judgment "in accordance with the practice and procedure of the state in which the district court is held." FED. R. CIV. P. 69(a); *see also Thomas v. Hughes*, 27 F.4th 363, 368 (5th Cir. 2022) ("It is axiomatic that federal courts possess inherent power to enforce their judgments. Likewise, the Texas Supreme Court has held that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments and may employ suitable methods" to do so. Those methods include, among other things, charging orders and injunctive relief." (cleaned up)).

"Texas law permits judgment creditors to seek a charging order of a member's LLC interest under section 101.112 of the Texas Business Organizations Code"; such an "order 'constitutes a lien on the judgment debtor's membership interest.'" *Edgefield Holdings, LLC v. Willowbrook Imaging LLC*, No. 3:17-cv-17-K, 2022 WL 7719761, at *1 (N.D. Tex. Sept. 15, 2022) (quoting TEX. BUS. ORGS. CODE § 101.112(c); citing *Pajooh v. Royal W. Invs. LLC, Series E*, 518 S.W.3d 557, 565 (Tex. App. – Houston [1st Dist.] 2017, no pet.)), *rec. accepted*, 2022 WL 7035096 (N.D. Tex. Oct. 11, 2022).

And, so, "[o]n application by a judgment creditor of a member of a limited liability company ..., a court having jurisdiction may charge the membership interest

- 2 -

of the judgment debtor to satisfy the judgment." TEX. BUS. ORGS. CODE § 101.112(a); *cf. Klinek v. LuxeYard, Inc.*, 672 S.W.3d 830, 839 (Tex. App. – Houston [14th Dist.] 2023, no pet.) ("A member's ownership interest in a limited liability company is a non-exempt asset." (citations omitted)).

"This permits judgment creditors to satisfy their judgment to 'receive any distribution to which the judgment debtor would otherwise be entitled in respect of the membership interest.'" *Edgefield Holdings*, 2022 WL 7719761, at *1 (quoting TEX. BUS. ORGS. CODE § 101.112(b)).

But "[t]he creditor 'does not have the right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company.'" *Thomas*, 27 F.4th at 367 (quoting TEX. BUS. ORGS. CODE § 101.112(f)); *see also Gonzalez Obregon v. Romo*, No. 4:24-cv-3371, 2025 WL 1756572, at *5 (S.D. Tex. June 24, 2025) ("[T]he judgment creditor who obtains a charging order may not compel a limited liability company to make a distribution, take possession of the judgment debtor's membership interest, or exercise any other legal or equitable remedies with respect to company property." (quoting *Klinek*, 672 S.W.3d at 835 (citing TEX. BUS. ORGS. CODE § 101.112(c), (d), (f); *Spates v. Office of Att'y Gen.*, 485 S.W.3d 546, 556 (Tex. App. – Houston [14th Dist.] 2016, no pet.)))).

"[T]o grant a charging order, an application must be brought (i) by a judgment creditor, (ii) of a member of a limited liability company, (iii) in a court with jurisdiction." *Edgefield Holdings*, 2022 WL 7719761, at *1.

Those requirements are met here. And, by failing to respond to the applications, Mr. Haddad "does not dispute his ownership or the non-exempt status of these membership interests, so [BANA] is entitled to a charging order." *Gonzalez Obregon*, 2025 WL 1756572, at \*5 (footnote omitted).

The Court therefore ORDERS the following:

- The membership interest of Kevin T. Haddad in KC Haddad Management, LLC is charged to satisfy this Court's judgment. This charging order constitutes a lien on the membership interest of Mr. Haddad in KC Haddad Management, LLC.

- BANA has the right to receive any distribution to which Mr. Haddad would otherwise be entitled in respect of his membership interest in KC Haddad Management, LLC. Any membership distributions, profits, cash, assets, or other monies due or that shall become due to Mr. Haddad by virtue of his membership in KC Haddad Management, LLC shall be paid by KC Haddad Management, LLC, and/or any third party, to BANA through their counsel of record.

- KC Haddad Management, LLC must obtain leave of this Court before (i) transferring any asset or distribution to any third party, (ii) transferring any funds to any third party except for transactions in the ordinary course of business, or (iii) transferring Mr. Haddad's interest (or any part thereof) in KC Haddad Management, LLC to any third party.

- 4 -

- This Charging Order may be filed with the corporate records of KC Haddad Management, LLC, in the office of the Texas Secretary of State, and with any other court, administrative body, state agency, or subdivision of the State of Texas.

And the Court further ORDERS:

- The membership interest of Kevin T. Haddad in KC Haddad Real Estate, LLC is charged to satisfy this Court's judgment. This charging order constitutes a lien on the membership interest of Mr. Haddad in KC Haddad Real Estate, LLC.

- BANA has the right to receive any distribution to which Mr. Haddad would otherwise be entitled in respect of his membership interest in KC Haddad Real Estate, LLC. Any membership distributions, profits, cash, assets, or other monies due or that shall become due to Mr. Haddad by virtue of his membership in KC Haddad Real Estate, LLC shall be paid by KC Haddad Real Estate, LLC, and/or any third party, to BANA through their counsel of record.

- KC Haddad Real Estate, LLC must obtain leave of this Court before (i) transferring any asset or distribution to any third party, (ii) transferring any funds to any third party except for transactions in the ordinary course of business, or (iii) transferring Mr. Haddad's interest (or any part thereof) in KC Haddad Real Estate, LLC to any third party.

- 5 -

- This Charging Order may be filed with the corporate records of KC Haddad Real Estate, LLC, in the office of the Texas Secretary of State, and with any other court, administrative body, state agency, or subdivision of the State of Texas.

SO ORDERED.

DATE: March 25, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE