IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-826-BN |
| | § | |
| ZTAR MOBILE, INC. and KEVIN T. | § | |
| HADDAD, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

After granting the motions for summary judgment filed by Plaintiff Bank of America, N.A. ("BANA"), *see* Dkt. Nos. 80 & 92, the Court entered judgment on November 6, 2025, awarding $7,141,290.14 in damages against Defendants Ztar Mobile, Inc. and Kevin T. Haddad, an amount that includes neither post-judgment interest under 28 U.S.C. § 1961 nor BANA's attorneys' fees and costs, *see* Dkt. No. 93.

Defendants noticed an appeal of the judgment on December 5, 2025. *See* Dkt. No. 96. But they did not move the Court to stay it. Nor did the Court otherwise stay the judgment. And the 30-day automatic stay as to execution on the judgment and proceedings to enforce it has expired. *See* FED. R. CIV. P. 62(a).

To enforce its judgment, BANA applied on February 11, 2026 for charging orders against KC Haddad Management, LLC and KC Haddad Real Estate, LLC, both limited liability companies organized under the laws of the State of Texas. *See* Dkt. Nos. 105 & 106. No objection to these applications was filed. *See* Dkt. Nos. 110

& 111; N.D. TEX. L. CIV. R. 7.1(e). And, on March 25, 2026, the Court entered a charging order. *See Bank of Am., N.A. v. Ztar*, No. 3:23-cv-826-BN, 2026 WL 820664 (N.D. Tex. Mar. 25, 2026).

Most recently, on May 4, 2026 – and almost six months after noticing an appeal – Ztar, "desir[ing] to post a supersedeas bond," moved under Federal Rules of Civil Procedure 62(f) and 62(a) to set a bond of $0 under Texas law and to stay execution and all other proceedings to enforce the judgment against it pending appeal. Dkt. No. 113.

The parties filed expedited briefing, as ordered. *See* Dkt. Nos. 114-16.

Ztar's motion is DENIED WITHOUT PREJUDICE for the following reasons.

"The Federal Rules of Civil Procedure dictate that 'execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise.'" *Natour v. Bank of Am., N.A.*, No. 4:21-cv-00331, 2024 WL 3507308, at *3 (E.D. Tex. July 18, 2024) (quoting FED. R. CIV. P. 62(a)).

Still, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security," and that "stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." *Id.* (quoting FED. R. CIV. P. 62(b)).

The United States Court of Appeals for "[t]he Fifth Circuit recognizes '[t]he purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal,'" and "'[t]he posting of a bond protects the

prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.'" *Traxcell Techs., LLC v. AT&T Corp.*, No. 2:17-cv-00718-RWS-RSP, 2023 WL 1971278, at *1 (E.D. Tex. Feb. 13, 2023) (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979), then *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992); citations omitted).

And, so, "absent a stay under Rule 62, a prevailing party may seek to enforce a judgment pursuant to Rule 69." *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014).

> [Rule 62 also] provides a couple exceptions and caveats to this general rule. First, "[t]he court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government." FED. R. CIV. P. 62(e). Second, "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." FED. R. CIV. P. 62(f).

*Natour*, 2024 WL 3507308, at *3

And, under Rule 62(f), Ztar urges the Court to apply Texas law to determine the amount of the supersedeas bond, explaining that, in its view, the judgment has become a lien:

> Under Texas law, no lien is created by the mere rendition of a judgment; instead, an abstract of judgment is required, which suffices to transform the judgment into a lien for purposes of Rule 62(f).
> BANA abstracted the Judgment on December 12, 2025 [Doc. 98] and filed it in Dallas and Tarrant County.
> For these and the other reasons stated in this Motion, Ztar respectfully requests that the Court apply Texas supersedeas rules and

(a) approve its Requested Bond in the amount of $0, which is 50% of judgment debtor Ztar's current net worth, pursuant to Texas Civil Practice & Remedies Code § 52.006(b) and (b) stay execution and all other proceedings to enforce the  Judgment pending appeal, including BANA's applications for charging orders against KC Haddad Management, LLC and KC Haddad Real Estate LLC.

Dkt. No. 113, ¶¶ 6-8 (cleaned up).

The Court cannot agree with Ztar that, just because BANA has abstracted the judgment, that alone created a lien such that the Court should apply Texas law.

As the Fifth Circuit held in *MM Steel*, "[u]nder the prevailing view of Rule 62(f), a judgment is a lien if a judgment creditor is only required to perform mere 'ministerial acts' to transform the judgment into a lien," but "[c]reating a judgment lien in Texas is more than ministerial." 771 F.3d at 303, 305 (cleaned up).

For example,

[w]hile the Louisiana Code requires only the ministerial filing of a judgment, the statutory steps and exceptions set out in the Texas Property Code require far more.

To briefly summarize, the judgment creditor must first obtain an abstract of the judgment to create a judgment lien in Texas. Texas Property Code § 52.003(a) requires that the abstract include seven elements not necessarily contained in the judgment.

Moreover, substantial compliance with the statutory requirements is mandatory before a judgment creditor's lien will attach, and it is the judgment creditor's responsibility to ensure that the clerk abstracts the judgment properly. Indeed, while minor deficiencies may be excusable, Texas courts have rejected abstracts that lacked substantial compliance for a variety of reasons.

[And] § 52.003 is not the only hurdle that a judgment must overcome before becoming a lien under Texas law. Instead, a judgment debtor may defeat the creditor's attempt to create a judgment lien on real property by simply posting a security and obtaining a court determination on the relative burdens that a judgment lien places on the parties under § 52.0011. [And] resolving whether the requirements of § 52.0011(a) are satisfied is not merely ministerial.

- 4 -

*Id.* at 305-06 (cleaned up).

So, considering the requirements of the Texas Property Code that the Fifth Circuit set out in *MM Steel*, the Court cannot find, as Ztar argues, that "BANA's abstracted Judgment … created a property lien against" it where all that Ztar has alleged is that, "[w]hen BANA filed its abstract, the Judgment bec[a]me a property lien which sufficed to trigger Rule 62(f)." *E.g.*, Dkt. No. 116 at 3.

In the alternative, Ztar urges the Court to apply Texas law based on Rule 69(a)(1), citing a district court decision that applied state law under Rule 69 to stay execution of the judgment pending post-trial motions but denied as premature the defendant's request to extend the stay to any appeals. *See, e.g.*, Dkt. No. 116 at 3-4 (citing *U.S. ex rel. Garibaldi v. Orleans Par. Sch. Bd.*, No. Civ. A. 96-0464, 1998 WL 774172, at 1 (E.D. La. Oct. 30, 1998)).

But Ztar has not carried it burden to show that this holding should be applied to supersedeas bonds, as Rule 62, not Rule 69, "governs the stay of proceedings to enforce a judgment." *MM Steel*, 771 F.3d at 303.

And, so, the Court agrees with BANA "that Rule 69(a) merely addresses the manner of execution of a judgment; it does not address whether the posting of a supersedeas bond pending an appeal is required." Dkt. No. 115 at 6 (quoting *Lamon v. City of Shawnee, Kan.*, 758 F. Supp. 654, 656 (D. Kan. 1991)).

This conclusion is also consistent with the instruction that a statute must be "read as a whole," "so as to give effect to each of its provisions without rendering any

language superfluous," *Bustamante-Barrera v. Gonzales*, 447 F.3d 388, 397 (5th Cir. 2006), as canons of statutory construction apply equally to the Federal Rules of Civil Procedure, *cf. Reinforced Earth Co. v. T & B Structural Sys.*, No. 3:12-cv-2704-N, 2013 WL 10989994, at *6 (N.D. Tex. Jan. 30, 2013) ("The canon of construction holding that *expressio unius est exlusio alterius* ('the expression of one thing is the exclusion of another') applies to the Federal Rules of Civil Procedure as well as to statutes."); *see also Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 540-41 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning. As with a statute, our inquiry is complete if we find the text of the Rule to be clear and unambiguous." (cleaned up)).

In sum, the pending motion urging the Court to approve a supersedeas bond under Texas law and to then stay, based on that bond, execution of the judgment pending appeal is denied without prejudice. So, to the extent that Ztar may seek to refile a similar motion, it could, for example, elect to explain how the bond amount should be determined under federal law or show how the abstracted judgment has created a lien and so the bond amount should be determined under Texas law.

SO ORDERED.

DATE: May 19, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE