IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-826-BN |
| | § | |
| ZTAR MOBILE, INC. and KEVIN T. HADDAD, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

After granting the motions for summary judgment filed by Plaintiff Bank of America, N.A. ("BANA"), *see* Dkt. Nos. 80 & 92, the Court entered judgment on November 6, 2025, awarding $7,141,290.14 in damages against Defendants Ztar Mobile, Inc. and Kevin T. Haddad, *see* Dkt. No. 93.

BANA then moved for its attorneys' fees and costs under the loan agreements and Texas and federal law. *See* Dkt. No. 94.

The parties briefed the motion. *See* Dkt. Nos. 95, 99, & 101.

And, for the following reasons, the motion is granted in part and denied in part.

**Legal Standards**

Texas law applies to a request for fees as a prevailing party on a claim made under Texas law. *See Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005) ("The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." (footnote omitted)); *accord*

*Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision.").

"Texas law permits an award for attorney's fees only if authorized by statute or contract." *Bennigan's Franchising Co., LLC v. Team Irish*, No. 3:11-cv-364-D, 2011 WL 3903068, at *2 (N.D. Tex. Sept. 6, 2011) (citing *Int'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006)).

And, "[w]hen a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under § 38.001 [of the Texas Civil Practice and Remedies Code] if there is proof that the fees are reasonable." *Id.* at *3 (citations omitted).

"In addition to the statutory right to recover attorney's fees under the provisions of § 38.001, '[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38.'" *Id.* (quoting *KB Home*, 295 S.W.3d at 653; citation omitted). In that case, "the terms of the contract, not statute, control the outcome of the case." *Id.* (cleaned up).

Under Texas law, a prevailing party authorized "to obtain attorney's fees from the opposing party" still "must prove that the requested fees are both reasonable and necessary." *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-cv-823-D, 2023 WL 5311486, at *3 (N.D. Tex. Aug. 17, 2023) (quoting *Rohrmoos Venture v. UTSW DVA*

*Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019) (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017))).

> The preferred method of federal courts calculating reasonable attorneys' fees under Texas law is the lodestar method. *See Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852 (S.D. Tex. 2017) (citing *Rappaport v. State Farm Lloyds*, 275 F.3d 1079 (5th Cir. 2001) (per curiam)). The lodestar method is a two-step process. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, courts calculate the lodestar by multiplying the "number of hours reasonably expended ... by the prevailing hourly rate in the community for similar work." *Id.* at 392 (internal quotation marks omitted).

*Wease v. Ocwen Loan Servicing*, No. 3:13-cv-4107-B, 2021 WL 4991079, at *2 (N.D. Tex. Oct. 27, 2021).

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

And, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing," so "[i]t is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (cleaned up).

Instead, "[p]ercentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including

by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dallas Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (cleaned up)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, "Texas courts then apply the eight *Arthur Andersen* factors to determine whether the lodestar should be adjusted." *Wease*, 2021 WL 4991079, at *2 (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); footnote omitted).

These factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or

> uncertainty of collection before the legal services have been rendered.

*Id.* at *2 n.7 (formatting modified; quoting *Arthur Andersen*, 945 S.W.2d at 818).

"[T]he base lodestar figure accounts for most of the relevant *Arthur Andersen* considerations." *Rohrmoos*, 578 S.W.3d at 500.

"The relevant factors are similar to those articulated in *Johnson[ v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).]" *El Campo Ventures LLC v. Stratton Secs. Inc.*, No. 1:20-CV-00560-RP, 2022 WL 1518926, at *4 (W.D. Tex. Feb. 1, 2022) (footnote omitted), *rec. adopted*, 2022 WL 17735386 (W.D. Tex. Aug. 23, 2022).

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up).

So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)).

Instead, this Court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review 'whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

"Federal Rule of Civil Procedure 54(d)(1) permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.'" *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

And, in this circuit, the "rule is that: Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir. 2017) (per curiam) (cleaned up); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

28 U.S.C. "§ 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). And the United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (cleaned up).

"Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 563 (2012) (cleaned up). In short, "taxable costs are limited by statute and are modest in scope." *Id.*

The party seeking recovery of costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). And the Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (cleaned up). That is,

> a district court may, but is not required to, deny a prevailing party costs where suit was brought in good faith and denial is based on at least one of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheo v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998))).

In *Pacheo*, the Fifth Circuit "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Smith*, 909 F.3d at 753 (cleaned up; quoting *Pacheo*, 448 F.3d at 794 n.18). But the Court of Appeals later held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs" – a holding that "is especially applicable in the light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793). And the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citation omitted).

**Analysis**

BANA first seeks its attorneys' fees under the loan agreements, under which it need not be a prevailing party:

> The Loan Agreement dated March 29, 2019, provides that BANA is entitled to recover from Ztar Mobile all of its "reasonable costs and attorneys' fees" incurred in connection with, among other things: (i) the enforcement of BANA's rights and remedies and/or the collection of any obligations of the Borrower which become due to the Bank; and (ii) the prosecution or defense of any action in any way related to the Loan Agreement. DE #41-1 at 14, § 9.9(c). This attorneys' fee provision was expressly retained in the various Loan Agreement amendments. See DE #41-1 at 21, § 5 ("Except as provided in this amendment, all of the terms and conditions of the Agreement … shall remain in full force and effect."); DE #41-1 at 28, § 5 (same); DE #41-1 at 33, § 5 (same).
>
> Haddad is personally liable for BANA's fees and costs pursuant to his Guaranty dated March 29, 2019, pursuant to which Haddad provides his unconditional guaranty and promise to pay BANA all of Ztar Mobile's payment and performance obligations under the Loan Agreement. See DE #41-1 at 37. Indeed, pursuant to the Guaranty, Haddad also agreed "to pay all reasonable attorneys' fees and all other costs and expenses that may be incurred by Bank (a) in the enforcement of this Guaranty…." DE #41-1 at 42, § 19.

Dkt. No. 94 at 3-4.

BANA also asserts that it's entitled to attorneys' fees as a prevailing party under Texas law. *See id.* at 4.

And BANA supports the reasonableness of its request through the declaration of its counsel, to which are attached contemporaneous billing records. *See* Dkt. No. 94-1 & Ex. A.

Defendants do not object to either basis for fees but argue that the amount of fees should be reduced by 30% because, in sum, "the Court should (1) exclude any of Plaintiff's billed time devoted to unsuccessful claims or motions, (2) reduce any

remaining hours to eliminate waste, inefficiency, and redundancy, and (3) apply a reasonable across-the-board reduction to ensure the fee award is commensurate with the degree of success actually achieved." Dkt. No. 99.

Defendants may quibble over some billing practices – "in reviewing Plaintiff's billing records, there are numerous instances where 6-7 different attorneys have billing entries on the same day" (identifying four days); "[i]n fact, days when there were not at least 3 attorneys tending to Plaintiff's file are scarce"; "this number of entries appear excessive, redundant, and unreasonable." *Id.* at 3-4.

But they do "not object to particular billing entries as inadequately documented." *Hoffman*, 2015 WL 3999171, at *5.

Nor do Defendants provide a credible basis to segregate the time billed between successful and unsuccessful claims, *see* Dkt. No. 99 at 3-4 ("The Declaration does not state that all of the time Plaintiff incurred was for successful claims or on work that was related to or furthered successful claims."), where BANA prevailed on both the claims it brought, *cf. Thomas v. Hughes*, 27 F.4th 995, 1020 (5th Cir. 2022) ("Under Texas law, 'if any attorney's fees relate solely to a claim for which such fees are unrecoverable, a claimant must segregate recoverable from unrecoverable fees.'" (quoting *Chapa*, 212 S.W.3d at 313)).

But the Court, on its own, will exclude from BANA's request billing entries by two paralegals for time spent on what appear to be clerical or administrative tasks. *See* Dkt. No. 94-1, ¶¶ 10(c) & 12; *id.* at 17 & 18 (2.10 hours for a total amount of $609);

*Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001) ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." (citing *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982))).

And, having carefully reviewed counsel's declaration and the attached billing records, the Court finds the remaining number of hours to be reasonable and necessary and not excessive, duplicative, or inadequately documented.

So the Court finds that the appropriate lodestar here to be calculated as 235.10 hours at a blended hourly rate of approximately (or just over) $470.72, for a total of $110,667.30.

And, while the Court has considered the *Arthur Andersen* factors, the lodestar is presumed to be reasonable and should only be modified in exceptional cases.

And, so, the Court determines that no enhancement is warranted under the circumstances and that there are no other exceptional circumstances.

Turning to costs then, BANA may seek costs that exceed what's allowed under Section 1920. *See* Dkt. No. 94-1 at 21.

But it's not strictly seeking its costs under Rule 54(d)(1).

Instead, the basis for costs are the loan agreements, under which "BANA is entitled to recover … all of its 'reasonable costs and attorneys' fees' incurred in connection with, among other things: (i) the enforcement of BANA's rights and remedies and/or the collection of any obligations of the Borrower which become due to the Bank; and (ii) the prosecution or defense of any action in any way related to

the Loan Agreement." Dkt. No. 94 at 2; *see Hancock v. Chi. Title Ins. Co.*, Nos. 3:07-cv-1441-D, 3:08-cv-1916-D, 2013 WL 2391500, at *14 (N.D. Tex. June 8, 2013) ("Parties to a contract are free to allocate among themselves the costs of litigation arising from the contract. And Chicago Title and Capital agreed to a scope of recoverable costs that is greater than § 1920 provides." (citing *One Call Sys., Inc. v. Hous. Lighting & Power*, 936 S.W.2d 673, 676 (Tex. App. – Houston [14th Dist.] 1996, writ denied))).

And Defendants do not object to this basis or to any specific costs that BANA seeks to recover under the loan agreements. *See generally* Dkt. No. 99.

And, so, having carefully reviewed the requested costs, the Court awards BANA the full amount requested: $4,920.08.

**Conclusion**

The Court GRANTS IN PART and DENIES IN PART Plaintiff Bank of America, N.A.'s motion for attorneys' fees and costs [Dkt. No. 94] to the extent that the Court awards BANA attorneys' fees of $110,667.30 and costs of $4,920.08 against Defendants Ztar Mobile, Inc. and Kevin T. Haddad.

SO ORDERED.

DATE: August 27, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE